CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED Roanoke

SEP 3 0 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAURICE PRESTON SCOTT, ) | |
| Plaintiff, ) | Civil Action No. 7:05-CV-00281 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BLUE RIDGE REGIONAL JAIL ) | |
| AUTHORITY, et al. ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Maurice Preston Scott, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Scott alleges that the defendants failed to provide him with adequate medical care and when he complained about the lack of care transferred him to another institution.

This matter is now before the court on defendants' motion to dismiss. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I will grant defendants' motion to dismiss and will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I. Allegations and Claims

In his complaint, Scott alleges that prior to his incarceration he had experienced stomach cramping and constipation. He claims he was examined by his personal physician and a colon cancer test was conducted, the results of which were negative. Shortly thereafter, plaintiff was incarcerated at the Blue Ridge Regional Jail in Bedford, Virginia. Scott states that he continued to suffer from stomach cramping and constipation. Accordingly, he made numerous requests for further medical attention. In support of his complaint, Scott has submitted to the court those

requests in which he states that "at times" he feels like he cannot pass his stool and experiences a "burning" feeling after he eats and he does not believe the ex-lax and fiber pills he has been prescribed are working and accordingly will no longer take either medication.

Scott alleges that his colon is in "very bad condition" and he believes he may have an intestinal blockage; and, thus he needs to be examined and treated by a specialist. However, Scott admits that he has been examined on at least three occasions by Defendant Dr. Cohan, that during those examinations Dr. Cohan reviewed his medical chart including test results and x-rays, all of which were negative, and that Dr. Cohan prescribed at least two medications to relieve Scott's constipation.

Scott further alleges that because he continued to seek medical attention, he was transferred to another institution.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

As a threshold matter, the Blue Ridge Regional Jail Authority is not a state actor subject to suit under § 1983. Accordingly, all claims against the jail are dismissed.

### A. Dr. Cohan and Nurse Rosser

Scott alleges that he has been denied adequate medical care because Dr. Cohan and Nurse

2

Rosser failed to properly treat and/or prescribe a medication for his chronic constipation and refused to refer him to a gastrointestinal specialist for further testing and treatment.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

In his complaint, Scott alleges that he has made numerous requests for medical attention related to his chronic constipation; and, although he has been examined and treated by the institutional physician, he continues to be in pain and needs to be examined by a specialist. As indicated by his claims, Scott does not allege that he did not receive any treatment at all. Rather, he complains that he did not receive a referral to a specialist. However, Scott has not presented

3

any evidence which suggests that his constipation amounted to a serious medical condition nor that a referral was necessary to treat his constipation.

Scott admits that he suffered from constipation before he was incarcerated and that he sought treatment from his personal physician. He does not state what treatment his personal physician prescribed, but does admit that he was tested for colon cancer, the results of which were negative. Scott further admits that Dr. Cohan has examined him on at least three occasions and during those exams has reviewed his medical records including x-rays and blood tests. Additionally, plaintiff admits that Dr. Cohan prescribed a varying regimen of ex-lax and fiber pills to relieve plaintiff's constipation, but plaintiff determined that those treatments were "not working" and refused to continue with the prescribed treatment. Accordingly, there is no evidence that Dr. Cohan acted with deliberate indifference to any serious medical need nor that he failed to provide any necessary medication to treat Scott's constipation. Furthermore, there is no evidence that Dr. Cohan deliberately denied plaintiff any type of care with the knowledge that it would subject him to unnecessary pain.

As plaintiff admits that he was examined, treated, and refused to follow the prescribed treatment and as he has provided no evidence beyond his own assertion that he has an intestinal blockage, his complaint that he needs additional medical care and treatment by a gastrointestinal specialist amounts to nothing more than a disagreement between medical staff and inmate as to a proper course or time of treatment. As noted above, such a disagreement does not state a constitutional claim. See Wright, 766 F.2d at 849.

Additionally, to the extent that Scott believes that the medical staff at the institution failed to recognize or treat his medical needs, such disagreement does not rise to the level of a

4

federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Scott has failed to state a viable § 1983 claim against either Dr. Cohan or Nurse Rosser. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B.     Captain Langhorn

To the extent that Scott alleges that Captain Langhorn failed to ensure that he received proper medical attention in violation of his Eighth Amendment rights, it too fails. To establish an Eighth Amendment claim for denial of adequate medical care against a supervisory official, plaintiff must present facts which evince that the official failed to promptly provide an inmate with needed medical care, deliberately interfered with the prison doctor's performance, or tacitly authorized or was indifferent to a prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 854 (4 th Cir. 1990). However, supervisory officials are entitled to rely on medical judgments made by prison physicians. Id.

As noted above, Scott admits that he was examined and treated by institutional medical staff following his requests for medical attention related to his chronic constipation. Scott has provided no evidence which suggests that Langhorn should not have relied on the medical judgment of Dr. Cohan and the nursing staff regarding the proper course of treatment for Scott's chronic constipation and the decision not to refer Scott to a specialist. As such, I find that Scott has failed to state a viable § 1983 claim against Langhorn and will dismiss this claim pursuant to 28 U.S.C. § 1915A(b)(1).

5

### C. Institutional Transfer

Scott alleges that because he continued to pursue his requests for medical care, defendants transferred him to another facility. A prisoner has no due process right to be housed in any particular facility or any unit within a particular facility. See Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Accordingly, to the extent Scott's claim could be construed to allege a due process violation, it too is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. Conclusion

Based on the foregoing, I find that Scott has not presented any claims that constitute a violation of his constitutional rights. Therefore, I will grant the defendants' motion to dismiss and will dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 30th day of September, 2005.

Jackson J. Tui
Senior United States District Judge

6